J-S12030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD DOWD | : | |
| | : | |
| Appellant | : | No. 3642 EDA 2018 |

Appeal from the PCRA Order Entered November 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1205511-1970

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED April 28, 2020**

Donald Dowd (Appellant) appeals, *pro se*, from the order entered in the Philadelphia Court of Common Pleas, dismissing as untimely filed his third petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA).  On appeal, Appellant argues (1) the PCRA's timing requirements were not intended to preclude a court's jurisdiction; (2) his due process rights were violated when the trial court sentenced him to life imprisonment without identifying the "legislative pamphlet statute" authorizing the sentence;[2] and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's Brief at 9.

(3) his sentence of life imprisonment violated the ex post facto clause because it was not authorized by law. We affirm.

The relevant facts and procedural history underlying this appeal are as follows. In September of 1973, Appellant was convicted by a jury of first-degree murder and criminal conspiracy,[3] for his role in the "'execution style' killing" of two members of a "so called 'radical revolutionary' group[,]" the People's Liberation Army, of which Appellant was also a member. *Commonwealth v. Dowd*, 2261 EDA 2005 (unpub. memo. at 1) (Pa. Super. 2006). On June 18, 1974, he was sentenced to an aggregate term of life imprisonment. Appellant filed a direct appeal to the Pennsylvania Supreme Court, which affirmed his judgment of sentence on February 28, 1977, and the United States Supreme Court subsequently denied his petition for writ of *certiorari*. *Commonwealth v. Dowd*, 372 A.2d 705 (Pa. 1977), *cert. denied*, 434 U.S. 970 (1977).

On June 16, 1993, Appellant filed a *pro se* PCRA petition, which was dismissed by the PCRA court on March 18, 1999. On appeal, this Court vacated the order denying relief and remanded for further proceedings in light of the fact that PCRA counsel ignored an order by the PCRA court to amend Appellant's *pro se* petition. *Commonwealth v. Dowd*, 1230 EDA 1999 (unpub. memo. at 2-3) (Pa. Super. 2000). The Commonwealth filed a petition

---

[3] 18 Pa.C.S. §§ 903(a), 2502(a).

for review in the Supreme Court, which was denied on November 13, 2001. *Commonwealth v. Dowd*, 125 EAL 2001 (Pa. 2001).

Upon remand, new counsel was appointed and filed a supplemental petition, which the PCRA court dismissed on July 7, 2005. On appeal, this Court, once again, remanded the matter to the PCRA court because Appellant submitted *pro se* filings asserting, *inter alia*, the ineffective assistance of PCRA counsel.[4] *Dowd*, 2261 EDA 2005 (unpub. memo. at 5). Upon remand, new counsel was appointed and filed another amended petition, which the PCRA court denied. This Court affirmed in a 32-page memorandum, and the Pennsylvania Supreme Court denied allocator review. *Commonwealth v. Dowd*, 2261 EDA 2005 (unpub. memo.) (Pa. Super. 2010), *appeal denied*, 639 EAL 2010 (Pa. 2011). In May of 2013, Appellant filed a petition for writ of *habeas corpus*, which the PCRA court construed to be another PCRA petition and dismissed as untimely filed on April 5, 2017. Appellant did not appeal from that order.

---

[4] The panel remanded the appeal pursuant to this Court's decision in *Commonwealth v. Battle*, 879 A.2d 266, 268-70 (Pa. Super. 2005) (when appellant represented by counsel files *pro se* petition for remand alleging ineffectiveness of PCRA counsel, counsel is required to file petition for remand addressing and evaluating appellant's ineffectiveness claims). However, that decision was later abrogated by the Pennsylvania Supreme Court in *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (abrogating *Battle*, and holding "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion").

Appellant filed the present PCRA petition, *pro se*, on May 22, 2018. On July 5th, the PCRA court issued notice of its intent to dismiss the petition as untimely filed without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907, and Appellant filed a *pro se* objection on September 24th. Thereafter, on November 21, 2018, the PCRA court dismissed Appellant's petition. This timely appeal followed.[5]

Appellant frames his three questions on appeal as follows:

> I. Whether [42 Pa.C.S. §] 9545(b)'s time limits are jurisdictional or dicta and are based on statutory analysis, and did the legislative history of [Section] 9545(b) intend the Post Conviction Relief Act time limits to effect the PCRA court[']s jurisdiction?
>
> II. Was it a violation of the due process under Amendment V, and XIV to the U.S. Constitution, and due course of law of the Commonwealth of Pa., and fraud for the trial court to sentence Appellant to life imprisonment without stating in the record what specific general assembly pamphlet statute within the Sentencing Code authorized the court to impose the sentence of life imprisonment?
>
> III. Whether the trial court violated the ex post facto constitutional laws of both federal and state, since Appellant was not given a sentence over the statutory maximum not authorized by law?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v.***

---

[5] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Mitchell*, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted). Furthermore, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa. Super. 2019) (citation omitted).

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is both "mandatory and jurisdictional in nature[,]" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013). *See also* 42 Pa.C.S. § 9545(b)(1). Here, Appellant's judgment of sentence was final on November 28, 1977, when the United States Supreme Court denied Appellant's petition for writ of *certiorari* from his direct appeal. Thus, the present petition, filed **more than 40 years** later, is facially untimely.[6] **See** 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if one of the three

_____

[6] We note that when the Section 9545 timing requirements were enacted in 1995, the statute provided a grace period for those petitioners whose judgments of sentence were final before the effective date of the Act, permitting them to file a **first** PCRA within one year of the act's effective date, or no later than January 16, 1997. *Commonwealth v. Williams*, 828 A.2d 981, 987 n.9 (Pa. 2003), *citing* Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32, found as a note to 42 Pa.C.S. §§ 9542, 9543, 9544, 9545, and 9546. Because the present petition is Appellant's third, and was filed after the January 1997 extended deadline, Appellant cannot benefit from the grace period.

timeliness exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[7] A petition invoking one of the exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his first issue, Appellant argues that, in enacting the time limitations in Section 9545(b), "the legislature did not intend the deadlines . . . to affect the PCRA Courts['] jurisdiction," as evident in the statute's "plain language as well as its legislative history[.]"[8] Appellant's Brief at 8. Rather, he contends

---

[7] The PCRA provides, in relevant part:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[8] Although this claim was not included in Appellant's May 2018, *pro se* PCRA petition, Appellant did raise it in his response to the PCRA court's Rule 907 notice. Appellant's Objection to this Court's Notice of Intent to Dismiss his Post-Conviction Relief Act Petition (PCRA) as Time Barred Filed Pursuant to Pa.R.Crim.P. 907, 9/24/18, at 1-3.

"this Court should stop the perpetration of . . . dicta[, in two decisions of the Pennsylvania Supreme Court, which state] that the deadlines in § 9545(b) are jurisdictional." *Id.* Although Appellant does not specifically invoke a timing exception, he implies that this argument constitutes a newly discovered fact that he, as an incarcerated petitioner, could not have ascertained by the exercise of due diligence, and requests a hearing "consistent with *Commonwealth v. Burton*, 158 A.3d 618[ (Pa. 2017)]." *See id.* at 9.

Appellant is entitled to no relief. First, absent his bald allegation, Appellant fails to provide any support for this contention that the "plain language as well as [the] legislative history" of Section 9545 establishes that the legislature did not intend for the timing requirements to affect a PCRA court's jurisdiction. *See* Appellant's Brief at 8. "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review[, supported] with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Jezzi*, 208 A.3d 1105, 1109–10 (Pa. Super. 2019) (citation omitted). On that basis alone, we could conclude this claim is waived. *See id.*

Furthermore, even if we determined Appellant's argument was sufficiently developed, the Supreme Court's decision in *Burton* does not provide Appellant with an avenue for relief. In *Burton*, the Pennsylvania Court held that for purposes of the PCRA's timing requirements, "the presumption that information of public record cannot be considered 'unknown' for purposes of proving the newly-discovered facts exception . . . does not

- 7 -

apply to *pro se* prisoner petitioners[.]" ***Burton***, 158 A.3d at 620. To the extent Appellant argues the "fact" that the legislature did not intend for the Section 9545 timing requirements to affect a court's jurisdiction was previously unknown to him, he fails to state when he learned of this "new fact" and why he could not have learned of it earlier with the exercise of due diligence.[9] ***See*** 42 Pa.C.S. § 9545(b)(1)(ii), (2). Thus, Appellant has not demonstrated his first claim meets a Section 9545(b) timing exception.

Second, Appellant contends the trial court imposed his sentence of life imprisonment without "statutory authorization." Appellant's Brief at 10. Indeed, he claims the court "failed to enter into the record on the Indictment, the Docket, what if any Pamphlet Law, Session Law it used to sentence Appellant under[.]" ***Id.*** Furthermore, Appellant notes the prior statute which governed his sentencing, 18 P.S. § 4071, was found to be unconstitutional in 1972.[10] With regard to the timeliness of this claim, Appellant insists a challenge to the legality of a sentence "has no time-bar and is non-waivable[.]" ***Id.*** at 13.

The PCRA court rejected this argument as follows:

It is well settled that a legality of sentence claim is subject to the time bar of the PCRA. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). In order for this Court to address [Appellant's]

---

[9] Indeed, the time limitations in Section 9545 have been in effect **since 1996**.

[10] We note that although Appellant was sentenced in June of 1974, he committed the murder in November of 1970, before the enactment of Pennsylvania's Crimes Code on December 6, 1972.

legality of sentence claim in an untimely petition, [Appellant] must first successfully invoke an exception to the time bar. In the instant case, [Appellant] failed to invoke an exception to the time bar, this Court has no jurisdiction over the legality of sentence claim.

PCRA Ct. Op., 3/29/19, at 4.

We agree. Appellant's assertion that a challenge to the legality of his sentence is not subject to the Section 9545 timing requirements has been rejected by the Courts of this Commonwealth. *See Fahy*, 737 A.2d at 223; *Miller*, 102 A.3d at 995. Because Appellant did not establish his sentencing argument fits within one of the § 9545(b) timing exceptions, this claim fails.

Appellant's third issue appears to be a continuation of his second. He maintains that the "imposition of a more severe sentence based on a statute that was amended after the act was committed, but prior to the result of the act, violated the Ex Post Facto prohibition." Appellant's Brief at 14. However, Appellant did not include an ex post facto argument in either his *pro se* petition, or response to the court's Rule 907 notice. Accordingly, it is waived for our review. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("[P]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA[;] the proper vehicle for raising this claim is . . . a subsequent PCRA petition."). Moreover, Appellant also fails to explain how this claim meets one of the timing exceptions in Section 9545(b)(1). Accordingly, no relief is warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2020